BURGETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-281-CR

JIMMY C. BURGETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jimmy C. Burgett, pro se, attempts to appeal the trial court’s order dismissing his indictment for possession of a controlled substance.  We dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the day the trial court enters an appealable order.  
Tex. R. App. P.
 26.2(a)(1).  The trial court dismissed Appellant’s indictment on May 27, 2005.  His notice of appeal was due on June 27, 2005.  Appellant filed his notice of appeal on July 18, 2005.  In his notice of appeal, Appellant explained that he did not receive notice of the May 27 dismissal until July 8 and attached as proof an envelope from the Montague County District Clerk bearing a postage meter date of July 6.

On July 26, 2005, we notified Appellant of our concern that we lacked jurisdiction over the appeal because the notice of appeal was not timely filed.  We informed him that the appeal was subject to dismissal unless we received a response showing grounds for continuing the appeal by August 5.  
See
 
Tex. R. App. P.
 44.3.  We have not received a response.

In order for this court to grant an extension of time to file a notice of appeal, both the notice of appeal and a motion for extension of time must be filed within the fifteen-day extension period of rule 26.3.  
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Applying the rule 26.3 extension period to this case means that Appellant’s notice of appeal and motion for extension of time were due on July 12, 2005.  Appellant did not file his notice of appeal until July 18 and did not file a motion for extension of time at all.

A timely notice of appeal is essential to vest this court with jurisdiction.  
See id.
; 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Because Appellant’s notice of appeal was untimely, we have no jurisdiction over his appeal.  
See Olivo
, 918 S.W.2d at 526.  Accordingly, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f). 

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.